UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JESSE LEE BRYANT, JR.,

                    Petitioner,                                    Hon. Gordon J. Quist

v.                                                                 Case No. 1:10-CV-772

CAROL HOWES,

                    Respondent.

_____/


## REPORT AND RECOMMENDATION

          This matter is before the Court on Respondent's Motion for Summary Judgment.
(Dkt. #8). In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to
submit proposed findings of fact and recommendations for disposition of petitions for writ of habeas
corpus, the undersigned recommends that Respondent's motion be **denied**.


## BACKGROUND

          On February 28, 2006, Petitioner was convicted, following a bench trial, of first
degree home invasion and three counts of felonious assault. (Trial Transcript, February 28, 2006,
189-93). Petitioner was sentenced to serve 7-20 years in prison for the home invasion and 2-4 years
for each felonious assault conviction. (Sentence Transcript, December 4, 2006, 18). Petitioner
appealed his conviction to the Michigan Court of Appeals asserting the following claim:

          I.          Defendant was deprived of the effective assistance of

counsel and entitled to a new trial.[1]

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Bryant*, No. 281964, Opinion (Mich. Ct. App., Mar. 24, 2009). Asserting the following claims, Petitioner later moved in the Michigan Supreme Court for leave to appeal:

I. Defendant was deprived of the effective assistance of counsel and entitled to a new trial.[2]

II. Darrell Bushey lied when he testified that Defendant forced his way into the house and stuck a gun in his face.

III. Defendant was not given a psychological evaluation before trial to determine if he was competent to stand trial.

The court denied Petitioner's request, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Bryant,* No. 138876, Order (Mich., Aug. 6, 2009). On August 4, 2010, Petitioner initiated the present action. Respondent now moves the Court to dismiss Bryant's petition on the ground that he has failed to properly exhaust the claims asserted therein. Petitioner has failed to respond to the present motion.

## ANALYSIS

A petition for writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The

---

[1] Specifically, Petitioner asserted that his attorney was ineffective for: (1) failing to challenge the admissibility of the statements he made to the police following his arrest; and (2) failing to request that Petitioner undergo a forensic examination to assess criminal responsibility and competency to stand trial. (Dkt. #17).

[2] With respect to this particular claim, Petitioner asserted the two grounds identified above, as well as the grounds that his attorney waived a preliminary examination and failed to argue to the jury that certain witness had provided inconsistent testimony. (Dkt. #18)

petitioner properly exhausts his claims by "fairly presenting his federal claims to the state courts." *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008) (citation omitted). The exhaustion requirement "is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.*

While exhaustion requires that the petitioner present his claims to the state's highest court, presenting his claims to *only* the state's highest court may not suffice. The Michigan Supreme Court conducts discretionary review of appeals by application for leave to appeal. In *Castille v. Peoples*, 489 U.S. 346 (1989), the United States Supreme Court held that presentation of an issue for the first time on discretionary review to the state's highest court does not satisfy the "fair presentation" requirement where the court declines to exercise its discretion to review the matter. *Id.* at 351. Applying *Castille*, the Sixth Circuit has likewise determined that the exhaustion requirement is not satisfied where a petitioner first presents a claim on discretionary appeal to the state's highest court, unless that court opts to review the merits of the claim. *See*, *e.g.*, *Granger v. Hurt*, 215 Fed. Appx. 485, 491 (6th Cir., Feb. 8, 2007); *Hall v. Huffman*, 2000 WL 1562821 at *3 (6th Cir., Oct. 11, 2000).

Resolution of Respondent's motion turns on an assessment of precisely what claims Petitioner is asserting in the present petition for writ of habeas corpus. When initiating the present action, Petitioner completed the required form petition and also submitted a brief in support (which is identical to the brief he submitted to the Michigan Court of Appeals). (Dkt. #1). When asked to identify "GROUND ONE" of his petition, Bryant wrote, "Same issue raised in all the lower State Courts." (Dkt. #1 at 6 of 14). When asked to identify "GROUND TWO" of his petition, Bryant left the relevant portion of the form blank. (Dkt. #1 at 7 of 14). Petitioner likewise left blank the

remaining portions of the form that required him to identify addition grounds for relief. (Dkt. #1 at 9-10 of 14). In his accompanying brief, Petitioner asserts that he was deprived of effective assistance of counsel based on the same two grounds presented in the Michigan Court of Appeals. (Dkt. #1, Exhibit 1).

Respondent asserts that she is entitled to relief because Petitioner is asserting in the present action claims which have not been properly exhausted in state court. In support of this argument, Respondent points to Petitioner's first ground for relief which Petitioner identified as "Same issue raised in all the lower State Courts." Respondent asserts that she "interprets this claim as an attempt to bring before this Court for habeas review all the issues Petitioner raised in both the Michigan Court of Appeals and Supreme Court." The Court is not persuaded by Respondent's interpretation.

As previously noted, when completing the form petition, Bryant identified the first (and only) ground of his petition as the "Same *issue* raised in all the lower State Courts." The word "issue" denotes a single item. In his accompanying brief, Petitioner identified only a single claim, that he was denied the effective assistance of counsel, the one claim he asserted "in all the lower State Courts." The Court finds this interpretation, unlike that proposed by Respondent, to be entirely consistent with the actual words Bryant used in his petition and accompanying brief.

Accordingly, the Court finds that Bryant's petition for writ of habeas corpus asserts only a single claim, that Petitioner was denied the right to the effective assistance of counsel on the grounds that his attorney: (1) failed to challenge the admissibility of the statements Petitioner made to the police following his arrest; and (2) failed to request that Petitioner undergo a forensic examination to assess criminal responsibility and competency to stand trial. As Petitioner presented

this claim to both the Michigan Court of Appeals and Michigan Supreme Court, such has been properly exhausted. The undersigned, therefore, recommends that Respondent's motion be **denied**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Respondent's Motion for Summary Judgment, (dkt. #8), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


Date: April 11, 2011                                /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge